UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAMONT WHITE,<br>    Plaintiff, | :<br>:<br>: | |
| v. | :<br>: | No. 3:24-cv-854 (VAB) |
| JOHN DOE,<br>    Defendant. | :<br>:<br>:<br>: | |

**INITIAL REVIEW ORDER**

Lamont White ("Plaintiff"), an unsentenced inmate at Bridgeport Correctional Center, has filed a *pro se* Complaint under 42 U.S.C. § 1983, naming Stamford Police Officer John Doe as the only Defendant. Mr. White contends that Officer Doe used excessive force against him while he was a bystander to a welfare call. He seeks monetary damages and injunctive relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 8 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A.

Following this initial review, the case will proceed on the claim for use of excessive force against Officer Doe.

I.   **BACKGROUND**[1]

On September 18, 2023, the police allegedly responded to a welfare call unrelated to Mr. White. Compl., ECF No. 1 at 4. Officer John Doe of the Stamford Police Department allegedly approached Mr. White and bent his wrist, fracturing it. *Id.* at 4–5. Officer Doe allegedly injured Mr. White's back, wrist, and shoulders. *Id.* at 5. Other officers allegedly had Mr. White "taken and detain[ed]," *id.*, and allegedly denied him medical treatment. *Id.*

Mr. White's wrist and back allegedly still hurt. *Id.* His wrist allegedly gets numb and cracks, and he allegedly is always in pain. *Id.* Paid medication allegedly does not help. *Id.* Mr. White allegedly still has bad dreams about the incident and receives psychiatric medications. *See id.* He is seeking $2,500,000 in damages and termination of Officer Joe's employment.[2] *Id.*

II.   **DISCUSSION**

Mr. White contends that Officer Doe used excessive force against him while he was a bystander to a welfare call.

A claim that a police officer used force against a bystander is cognizable under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than a 'substantive due process' approach.").

To prevail on his excessive force claim, Mr. White must show that the amount of force used was objectively unreasonable either as to when or how the force was applied. *See id.* at 396

---

[1] For purposes of initial review, the Court considers all of the following allegations to be true.
[2] The Court does not decide here whether injunctive relief in the form of the termination of Officer Doe's employment is proper or available under § 1983.

2

("[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation"). Whether the force used is excessive depends on "the facts and circumstances of each particular case." *Id.* The court considers "the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and needs to allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97. The force used must be more that *de minimis*. *See Durr v. Slator*, 558 F. Supp. 3d 1, 16 (N.D.N.Y. 2021) (citing *Feliciano v. Thomann*, 747 F. App'x 885, 887 (2d Cir. 2019)).

Mr. White alleges Officer Doe approached him and bent and his wrist while Mr. White was a bystander at an unrelated welfare call. Compl., ECF No. 1 at 4–5. The alleged fracturing of Mr. White's wrist is more than a *de minimis* injury. As a result, Mr. White has stated a plausible claim for use of excessive force.

Accordingly, based on these facts, the case will proceed for further development of the record.

### III. CONCLUSION

The case will proceed on the claim for use of excessive force against Officer Doe.

The Court enters the following additional orders.

(1)     **The Clerk of Court shall** mail a waiver of service of process request packet containing the Complaint and this Order to Attorney Tom Cassone, Director of Legal Affairs,

Stamford Government Center, 888 Washington Boulevard, Stamford, CT 06901, by **June 14, 2024**, and report to the court on the status of the waiver request by **June 28, 2024**. If the Defendant fails to return the waiver request, the Clerk of Court shall arrange for in-person service by the U.S. Marshals Service on the Defendant in his individual capacity and the Defendant shall be required to pay the cost of such service.

(2) **The Clerk of Court shall** send the Plaintiff a copy of this Order.

(3) The Defendant shall file his response to the Complaint, either an Answer or motion to dismiss, by **August 30, 2024**. If he chooses to file an Answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **January 31, 2025**. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6) Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. The Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the Plaintiff has more than one pending case, he should indicate all the case numbers in the

notification of change of address. The Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(8)     The Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the Court, discovery requests must be served on defendants' counsel by regular mail.

SO ORDERED.

Dated this 24thday of May 2024 at New Haven, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge